NOT FOR PUBLICATION

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTIANA ITIOWE, | |
| Plaintiff, | |
| v. | Civil Action No. 13-02102 (JAP) |
| UNITED STATES GOVERNMENT, *et al.*, | **OPINION** |
| Defendants. | |

PISANO, District Judge.

This is an action brought by *pro se* Plaintiff Christiana Itiowe ("Plaintiff") against Defendants United States Government, United States House of Representatives, Department of Homeland Security, Trenton Psychiatrist Hospital, and State of New Jersey Mental Health Division (collectively, "Defendants"). Plaintiff alleges that Defendants violated her brother, Franklin Itiowe's, civil rights by denying him permanent resident status and mistreating him while he was a patient at Defendant Trenton Psychiatrist Hospital (the "Hospital"). At this time, the Court must review the Complaint to determine whether it has jurisdiction over this case. For the reasons set forth herein, the Court finds that this action should be dismissed for lack of jurisdiction.

### I. Background

The following factual allegations are taken from the Complaint, and are accepted as true for purposes of this Court's review only.[1] Plaintiff states that she is bringing this lawsuit as [her brother's] petitioner" and that she has his consent to do so. She includes a letter from her brother,

---

[1] In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). Here, the Court construes Plaintiff's Complaint liberally, as it is required to do.

Mr. Itiowe, which purports to provide his consent for Plaintiff to bring this lawsuit on his behalf. Plaintiff alleges that Defendants violated her brother's civil rights by mistreating him while he was a patient at the Hospital and denying him permanent resident status.   In particular, she alleges that Mr. Itiowe contracted Hepatitis A while he was committed to the care of the Hospital and that, as a result of his illness, he was unable to attend an immigration interview that had been scheduled. Since he could not attend his interview, he was denied permanent resident status.   Due to his illness and his time at the Hospital, Mr. Itiowe has suffered stress, which exacerbates his underlying mental illness.   Therefore, Plaintiff brings this lawsuit and seeks money damages and requests that her brother be granted permanent resident status and issued a green card.

**II.     Discussion**

"Standing is a threshold jurisdictional requirement, derived from the 'case or controversy' language of Article III of the Constitution."   *Pub. Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 117 (3d Cir. 1997).   "If plaintiffs do not possess Article III standing . . . the District Court . . . lack[s] subject matter jurisdiction to address the merits of plaintiffs' case."   *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 296 (3d Cir. 2003) (citation omitted).   Even if the parties fail to raise the issue of standing, "[t]he federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of [the jurisdictional] doctrines."   *United States v. Hays*, 515 U.S. 737, 742, 115 S. Ct. 2431 (1995) (internal citations and quotations omitted); *see also Employers Ins. of Wausau v. Crown Cork & Seal Co.,* 905 F.2d 42, 45 (3d Cir. 1990) ("A federal court is bound to consider its own jurisdiction preliminary to consideration of the merits") (citations omitted).   "A court can take no measures to rectify a want of jurisdiction because the lack of jurisdiction itself precludes asserting judicial power."   *Williams v. Moore, et al.*, 2012 U.S. Dist. LEXIS 162807, at *6 (D.N.J. 2012) (dismissing complaint *sua sponte* where district court lacked subject matter jurisdiction).

As explained more fully below, this Court lacks jurisdiction to adjudicate Plaintiff's claims.

The doctrine of standing requires, at the outset of the litigation, a plaintiff to demonstrate that "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81, 120 S. Ct. 693 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130 (1992)).

Here, the Court finds that Plaintiff lacks standing to bring this action.  Plaintiff admittedly brings this proceeding on behalf of her brother and all of the allegations relate to Mr. Itiowe.  She alleges that Mr. Itiowe contracted Hepatitis A while in the care of the Trenton Psychiatrist Hospital and that as a result of the illness, he was unable to attend his immigration interview and therefore was denied permanent residence status.  While the Court is sympathetic to Mr. Itiowe's troubles and makes no judgment as to the validity of any claims that *he* may have, *Plaintiff* has not demonstrated that she has suffered an "injury in fact," which is a prerequisite for bringing a claim in federal court.  *See id.*   Therefore, the Court finds that it lacks jurisdiction over Plaintiff's claims and the matter must be dismissed.  An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: June 25, 2013